UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Friedrich Lu, Plaintiff           )     Civil Action No 22-11106
   v                              )
F Dennis Saylor IV, et al, Defendants )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY AND UNSEAT

### I Bias

(1)     The 28 USC § 144 (1949 ed) provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

(2)     Joseph Laplante, J, of New Hampshire entered three orders:

(a)     two on Sept 1 (all dates in this motion are those of 2022)

•       "granting motion to withdraw part of motion to reset clock;"

•       "REVIEWED Letter/request (non-motion)" from Lu to the clerk (dated Aug 26).

(b)     one on Sept 2 "DENYING request for notice of default against Budd and Georges."

(3)
(a)     Lu's Aug 26 paper was titled simply as "*Plaintiff's Withdrawal of Part of Motion * * *"*

If the court saw fit to add "motion to [withdraw]," Lu has no quarrel.

(b)     Clerk's office of the Massachusetts court electronically (rather than by mail) notified Lu same day of the three orders (in three separate emails), despite two filings from Lu -- both the Aug 11, 2022 *Motion to Direct Clerk to Serve Every Order on Lu Retroactively* etc (which the judge is yet to rule) and the Aug 26 letter to clerk.

(4)
(a)     Laplante, J, entered said orders from New Hampshire, not in Boston in the Massachusetts court. The judge knows, from the complaint at least, that portion of the dispute concerns a visiting judge and his geographical (or territorial) jurisdiction. The judge also knows that his authority is void beyond the boundaries of his district (state of New Hampshire). Still, Laplante, J, chose to act wilfully and against the established law.

(b)     Under statutory right (to wit, Fed Rule Civ Proc 77(d)(1) ), let alone First Amendment to federal constitution (right to know), Lu is entitled to know the content of the July 19, 2022 order of assignment (as well as those of future orders), and yet Laplante, J, refuses to grant Lu's Aug 11 motion to direct clerk for its copy (along with a copy of prospective orders).`

(5)
(a)     For the privilege of being mailed a copy of an order, Lu has declined to join Case Management/Electronic Case Files (CM/ECF) which "requires a PACER account and special access issued by an individual court." Electronic Filing (CM/ECF). UScourts.gov, undated.

https://www.uscourts.gov/court-records/electronic-filing-cmecf
In all cases, Lu has traveled (by subway and on foot) to Moakley courthouse for each filing (even during the Covid-19 pandemic), which takes, on average, two and a half hours a trip. For the court (Laplante, J, and others) to take away the privilege from Lu is mean.

(b)     Take one example of federal district courts. *Pro Se Reference Handbook*. United States District Court for Eastern District of Virginia, Nov 1, 2017 (revised July 26, 2022)

https://www.vaed.uscourts.gov/sites/vaed/files/EDVACOMPLETEProSeHandbook_7-26-22.pdf
states at page 7 under the sectional heading "E-Noticing" elaborates:

> "Although pro se litigants [in that court] are prohibited from filing documents electronically and are not issued ECF filing log ins and passwords, pro se litigants who are not currently incarcerated have the option to receive documents in their cases electronically (by e-mail) instead of by regular mail. * * * Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following: I. Sign up for a PACER login and password by contacting PACER * * * 2. Complete and sign the

*e-Noticing Registration* form.  If you consent to receive documents electronically and the request is approved by the judge, you will receive a *Notice of Electronic Filing (NEF)* by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one 'free look' at the document by clicking on the hyperlinked document number in the e-mail [within 15 days of the notice]. * * * For this reason, ***you should print or save the document during the 'free look' to avoid future charges***."  (italics and boldface original).

Hence, it is certain that Laplante, J, and his ilk deliberately withhold the PACER part of the e-mail notice, especially vis-a-vis Lu.

(6)
(a)     As for Lu's Aug 26 *Request to* Clerk *for Entry of Default Against Budd and Georges* (emphasis original), Rule 55(a) commands in full:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Note "must."
(b)     Case law says a judge, in lieu of a clerk, may enter default. No case law that Lu has viewed says a judge can dislodge a clerk *and* deny the ministerial request.

(6)     Under penalty of perjury, Lu submits the affidavit:

"On Sept 1 and 2, Judge Laplante entered three orders, for which clerk's office of the Massachusetts court emailed me of docket entries (those on the docket sheet). I have requested the mailing of such orders, including the July 19 order of assignment (which was entered seven (7) weeks ago), and yet have received none. If the three orders contained text, I have not seen any.
"On information and belief, there is a committee in the federal government that has managed Lu's cases behind the scenes. Judge Laplante was recruited by the committee to nip the instant action at the bud. Further, he entered a secret order forbidding the clerk to serve copy of orders on Lu. All in all (to leave no stone unturned: in all aspects and down to details), the pattern of Judge Laplante is identical to those of other corrupt judges I have sued in this civil action. There is no surprise: they (patterns) are product of committee work.

    II  There Was No Path Forward for Laplante, J, to Be Assigned; All Forclosed

(1)

(a)      The 28 USC § 292(b) (1982 ed) provides: "The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."

(b)      The entirety of the First Circuit has disqualified itself (or it should have).

(2)
(a)      The 28 USC § 295 (1978 ed) provides in pertinent part:

"No designation and assignment of a circuit or district judge in active service shall be made without the consent of the chief judge or judicial council of the circuit from which the judge is to be designated and assigned. * * * All designations and assignments of justices and judges shall be filed with the clerks and entered on the minutes of the courts from and to which made.

(b)      The entirety of United States District Court for District of Massachusetts has disqualified itself (or it should have), including Chief Judge Saylor of this district court, who is the lead defendant here.

(3)
(a)      In *Lu v Laprocina*, US Dist Ct (D.Mass.) No 21-cv-11493, on April 13, 2022 Lu made a written "time-sensitive request" to each clerk of both First Circuit and District Court for District of Massachusetts for "*court minutes*" (emphasis original) "for the duration of first half of 2019 and November/ December 2021." Both replied (the latter through a deputy clerk) that neither knew what Lu wanted or what court minutes were. Lu states this under penalty of perjury.

(b)      In the preceding case, on Apr 28, 2022 Lu filed petition for mandamus and prohibition *In re Friedrich Lu*, First Circuit No 22-1324, whose *Argument* Part (1)(e) and (5) illuminated what court minutes are, some of which had been supplied to clerk of federal district court in Massachusetts.

(c) "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley* v *Briggs* (1941) 475 US 335, 341.

(d) The most charitable that can be said of the two aforesaid clerks is: neither is neutral.

(4) This leaves nobody in either this district court or First Circuit to assign Laplante, J -- or to assist (by clerks) in assigning the same judge. See *Strickland* v *United States* (CA4 Apr 26, 2022) 32 F.4th 311, 340-346 (the only case that has ever discussed nuts and bolts of assignment).

### III  Intercircuit Assignment I Called for

(1) Quoted in Part I of this memorandum, 28 USC § 144 decrees the resolution of a motion under it: "such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

(2) All judges in this district court have disqualified themselves in the case, so have those in the First Circuit. No judge in this district court may rule on the motion at bar. It is essential that a district judge from outside the circuit be assigned to the case from now on, which should have been done from the outset in the first place.

Plaintiff: Friedrich Lu, pro se
Date: ~~September 7~~ August, 2022
Email address: chi2flu@gmail.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112