**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 22-cv-10285-AK**

FRIEDRICH LU,

Plaintiff,

v.

F. Dennis Saylor; Jon David Levin; Patti B. Saris; Lance E Walker;2 Karen Frink Wolf; Denise J. Casper; Indira Talwani; Leo T. Sorokin; Allison D. Burroughs; William G. Young; Mark L. Wolf; George A. O'Toole, Jr.; Marianne B. Bowler; Judith G. Dein; Jennifer C. Boal; David J. Barron; Sandra L. Lynch;  O. Rogeriee Thompson; William J. Kayatta; Bruce M. Selya; Kermit V. Lipez; Jeffrey R. Howard; Timothy J. Harrington; Kimberly S. Budd; Serge Georges, Jr

Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT BOSTON PUBLIC HEALTH COMMISSION'S MOTION TO DISMISS

Now comes, the Defendant Boston Public Health Commission (hereinafter, "BPHC" or the "Commission"), improperly named in the complaint as Timothy Harrington, , and hereby moves pursuant Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss all counts in Plaintiffs' Complaint.

Plaintiffs' Complaint should be dismissed because:

1.  Plaintiff failed to meet the pleading requirements necessary to state a claim pursuant to the Federal Rules of Civil Procedure 8(A); and

2. Plaintiff lacks standing in this suit because he has not suffered an injury in fact.

<u>FACTS AND PROCEDURAL HISTORY</u>

The instant action began with filing of Plaintiff Friedrich Lu's Complaint, dated June 7, 2022. The Complaint alleges RICO and other claims against twenty-five defendants, all of whom appear to be judges aside from Defendant Boston Public Health Commission, improperly named as Timothy Harrington. Plaintiff made incorrect service on the Respondent on August 8, 2022. Subsequently, Plaintiff submitted a Waiver of Service on August 29, 2022.

Timothy Harrington is an attorney and the Director of the Office of Administration and Finance at the Boston Public Health Commission. While the vague phrasing of the Complaint makes it difficult to conclusively ascertain the basis on which Plaintiff named Timothy Harrington in the Complaint, Attorney Harrington's only prior contact with Plaintiff was during litigation in a case Plaintiff previously brought, which named Boston Public Health Commission as a defendant.  At the time, Timothy Harrington was the General Counsel for BPHC, and acting in this role, defended BPHC in that action.  The case, Civil Action No. 14-CV-13053-LTS, was subsequently dismissed.

The Boston Public Health Commission therefore responds to this Complaint as Defendant, improperly named at Timothy Harrington.

<u>ARGUMENT</u>

<u>STANDARD OF REVIEW</u>

A. <u>12(b)(1) lack of standing</u>

As a threshold matter, the plaintiff in federal court must demonstrate they have actual standing to bring suit. This doctrine is derived from the limits on the federal judicial power established in Article III of the U.S. Constitution. Dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) is warranted where a plaintiff has not established standing.

Determining standing requires the use of a three-part test:

(1)  The plaintiff must have suffered an "injury in fact,";

(2)  (2) There must be a causal connection between the injury and the conduct brought before the court; and

(3)  (3) It must be likely, rather than speculative, that a favorable decision by the court will redress the injury. Lujan, 504 U.S. at 555.

An injury in fact occurs when a plaintiff has suffered an injury that is concrete and particularized, and an actual or imminent invasion of a legally protected interest. Id. A harm which is merely speculative or based on conjecture is not sufficient for standing purposes. Whitmore v. Arkansas, 495 U.S. 149 (1990).  The court cannot substitute its own guesses or attempt to create standing without such allegations. Id.

B.  12(b)(6) failure to state a claim

The Supreme Court has interpreted Federal Rules of Civil Procedure 8(a)(1) to dictate that, in order for a complaint to survive a motion to dismiss for failure to state a claim pursuant to 12(b)(6), a plaintiff must have plead "enough factual matter" to state a claim to relief that "is plausible on its face".  Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007); See also, Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint that alleges conduct "merely consistent with unlawfulness is insufficient." Id. Rather, the pleadings must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 662, 678.  In determining whether the plausibility standard for stating a claim has been met, courts must engage in a "fact specific" inquiry, using "common sense." Id. at 679.While there is no hardline rule for the level of detailed pleading which will suffice, this requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678.

In the First Circuit, courts have held the plausibility standard requires courts engage in a two-step process of analysis, first separating factual allegations from conclusory legal

statements, and then determining if the remaining factual allegations give rise to a reasonable inference that the defendant is liable for the alleged injury. Crimson Galeria Limited Partnership v. Healthy Pharms, Inc., 337 F.Supp.3d 20 (Dis. Ct. Mass 2018).  At this stage, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

The minimal purpose of the federal pleading requirements "is to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, (2002) (internal citation omitted). See also, Díaz-Rivera v. Rivera–Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (stating, the pleadings "must afford the defendants a meaningful opportunity to mount a defense.").

Additionally, while a court must, on a motion to dismiss, generally assume that all facts plead are true, this is not always the case. A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 80-81 (1st Cir. 2013). Conclusory allegations are not entitled to a presumption of truth, including both rote recitation of the elements of a cause of action and allegations which, while clothed as factual statements, are actually unsupported speculation by the plaintiff. Id. As stated in Correa-Martinez v. Arrillaga-Belendez, "In the menagerie of the Civil Rules, the tiger patrolling the courthouse gates is rather tame, but not entirely toothless. A court assessing a claim's sufficiency has no obligation to take the allegations of the complaint on blind faith; despite the highly deferential reading which the court accords a litigant's complaint under Rule 12(b)(6), the court need not credit *bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation.*" Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) (internal citation omitted) (overruled on other grounds)(emphasis added).

1.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE HE HAS FAILED
    TO ALLEGE FACT SUFFICIENT TO MAKE PLAUSIBLE A CLAIM FOR RELIEF,
    IN THAT HIS SPARSE PLEADINGS ARE NEARLY TOTALLY DEVOID OF
    FACTUAL ALLEGATIONS.

Plaintiff has failed to plead sufficient factual allegations necessary to survive a motion to

dismiss.  On a motion to dismiss for failure to state a claim, the court must determine whether a

plaintiff has plead facts sufficient to make plausible a claim for relief. Plaintiff has utterly failed

to plead any facts which could support any particular cause of action.

Plaintiff's complaint includes several interrelated claims under the Racketeering and

Influenced and Corrupt Organization's Act ("RICO").  This complicated act penalizes behavior

associated with organized crime. In order to survive a motion to dismiss, a RICO complaint must

allege facts which plausibly support the four prima facie elements of the claim: "(1) conduct, (2)

of an enterprise, (3) through a pattern, (4) of racketeering activity." Giuliano v. Fulton, 399 F.3d

381 (1st Cir. 2005)(internal citation omitted).  Where a plaintiff pursues a RICO complaint for

conspiracy pursuant to Section 1962(d), as plaintiff does here in his claim against BPHC,

plaintiff must additionally allege "proof thPt each RICO co-conspirator knowingly joined the

conspiracy and involved himself or herself, directly or indirectly, in the commission of at least

two predicate offenses." Mani v. United States Bank, 498 F.Supp.2d 406 (Mass. Dis. Ct

2007)(internal citation omitted).

Here, Plaintiff has failed to allege facts sufficient to make plausible a claim for relief, as

they have not pled facts in support of any of these necessary elements.

Firstly, Plaintiff has not plead any conduct by defendant BPHC or Timothy Harrington.

Rather, Plaintiff's complaint is entirely comprised of legal boilerplate and conclusory statements.

Not a single act or omission by Defendant BPHC, improperly named as Timothy Harrington, is

described.  In Plaintiff has failed to allege any conduct by BPHC, of any kind, in the Complaint.

BPHC is mentioned for the first time and only time at paragraph 2(C)(3) (the numbering is unclear, but the paragraph is located at the bottom of page 3), which states, "In Lu v Niles, US Dist. Ct. (D.Mass) No 16-cv-12220, Attorney Timothy J Harrington colluded with Saylor." This is the only mention of Timothy Harrington or BPHC in the entire Complaint. This claim is not elaborated on, nor does it seem to relate back to any of the Complaint's earlier sections. This sentence constitutes a mere legal conclusion clothed as a fact, and is not a fact entitled to the presumption of truth. Therefore, Plaintiff has utterly failed at the first step of the analysis.

Plaintiff has also failed to allege membership in an enterprise. An enterprise is defined at 18 USC Section 1961(4) as: "(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." In the First Circuit, an enterprise in fact is defined as meaning that "the associated groups "constitute a larger unit, over and above their separate structures and operations." United States v. Rodriguez-Torrres, 939 F.3d 16, 24 (1st Cir. 2019); see also, In re Pharmaceutical Industry Average Wholesale Price Litigations, 263 F.Supp.2d 172, 182 (Mass Dis. Ct. 2003). Additionally, an enterprise in fact must have "[1] a purpose, [2] relationships among those associated with the enterprise, and [3] longevity sufficient to permit these associates to pursue the enterprise's purpose. Rodriguez-Torres at 14. (internal citation omitted.). Here, Plaintiff has not sufficiently alleged any legal enterprise or enterprise in fact. Plaintiff has merely written three lists of names and stated each one constitutes an enterprise. This is rote, conclusory language, not a factual allegation. Moreover, none of the three lists of names include Timothy Harrington. Plaintiff has therefore categorically failed, with regarding to BPHC and Timothy Harrington, to even begin to allege that they belong to an enterprise.

Next, Plaintiff has not alleged a pattern of racketeering activity. A pattern of racketeering requires, firstly, the commission of a pattern of predicate acts.  The applicable predicate acts are defined pursuant to the statute, at Section 1961(1).  Plaintiff appears to state in a conclusory fashion the predicate act occurred pursuant to 18 U.S.C. § 1503, writing in the Complaint, at Count Six "18 USC Section 1962(d) (applicable to all civilian defendants below, predicate act is 1503 (obstruction of justice))". Below is the only paragraph in which Timothy Harrington is named. 18 USC § 1503 provides: "Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be (guilty of an offense)." Plaintiff does not allege any facts consistent with obstruction of justice, nor state when, where, or by whom this was allegedly committed. They have utterly failed to allege, even by boilerplate language, any of the elements of obstruction of justice, and therefore, have not adequately plead even a single predicate act.

Further, in order to constitute a *pattern* of racketeering activity, a plaintiff must allege two or more such acts of racketeering activity occurred within ten years, and also meet a further and much more stringent requirement by demonstrating that at least two of the prior activities "are related and that amount to, or threaten the likelihood of, continued criminal activity."  H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 229 (1989). The scant allegations of wrongdoing which Plaintiff has included appear to be disparate, isolated events, and in no way suggest the sort of connected web of criminal activities which are likely to re-occur.  Regarding Count 6, against BPHC, Plaintiff does not allege two such acts within tens years, or allege any facts with suggest an ongoing pattern of conduct.

In the present case, it is difficult to parse what causes of action, specifically, are meant to apply to BPHC.  There is such a lack of factual allegations that the Complaint is difficult to comprehend, and it is therefore nearly impossible even to mount a defense. Nonetheless, it is clear that Plaintiff has failed to plead facts plausibly suggesting they may be entitled to recovery for RICO violations, which could afford them relief.  Rather, the vague and confusing Complaint is almost entirely comprised on rote recitations of the legal standard, unsupported by any specific factual allegations as required pursuant to <u>Twombly</u>, <u>Iqbal</u>, and their progeny.

Regarding the other claims which are mentioned in the Complaint, they do not appear to apply to Defendant BPHC.  Nonetheless, none are supported by any factual allegations, as the Complaint is utterly devoid of such content.

Therefore, the Complaint must be dismissed

II.     PLAINTIFF HAS FAILED TO ALLEGE THAT HE HAS STANDING TO BRING SUIT IN THIS CASE, BECAUSE HE HAS NOT ALLEGED ANY INJURY IN FACT.

Here, Plaintiff cannot demonstrate that he has standing, as he has not alleged any injury in fact.  Plaintiff does not raise or suggest any damages have resulted from any conduct, except to say, "Judicial officer defendants have, for more than a decade, deprived Friedrich Lu's day in court, including any discovery) [sp], compounding injuries in his business (lawsuits) or property perpetuated by Lu's adversaries." See Complaint at paragraph 2.  Lu never elaborates on this claim in any way sufficient to provide standing in this case.  This single sentence does not actually contain factual allegations, but instead, a mere recitation of boilerplate legal language. It is impossible to say what kind of harm, specifically, Plaintiff alleges he has suffered, and how it may or may not be connected to any act or omission of the Defendant, whether proximate cause exists on this pleading.  Rather, the issue Plaintiff seems to be illustrating, is one of disagreeing

with the outcomes of previous cases which he has filed in a confusing strategy of perpetual

litigation.  Disagreeing with the outcome of a prior case is not an injury in fact, which this court

could remedy in the present action.

Therefore, Plaintiff has failed to allege standing in the present case.

<u>CONCLUSION</u>

For those reasons articulated above, the Complaint must be dismissed, with prejudice, and

any other relief ordered that this court deems proper.

Respectfully Submitted,
BOSTON PUBLIC HEALTH
COMMISON
By its attorney,


_____

Whitney Pasternack
B.B.O. #708677
Dated: September 30, 2022          Assistant General Counsel
Boston Public Health Commission
1010 Massachusetts Avenue, 6th Fl.
Boston, MA 02128
(617) 534-4651
(617) 534-4255 (fax)




**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non-registered participants on September 30, 2022.

*/s/ Whitney Pasternack*