UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU,<br><br>    Plaintiff,<br><br>v.<br><br>F. DENNIS SAYLOR, et al.,<br><br>    Defendants. | No. 1:22-cv-11106-JL |

### JUDICIAL DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO DISQUALIFY AND UNSEAT JUDGE LAPLANTE

Plaintiff has filed a motion to "disqualify and unseat" the judge appointed in this case. Doc. No. 14. Because he has failed to show actual bias or prejudice, or that this Court was improperly appointed, his motion must be denied.

**I.  Disqualification Is Not Required Because Plaintiff Has Failed to Show Actual Bias or Prejudice**

The Plaintiff seeks to disqualify this Court under 28 U.S.C. § 144, which requires the recusal of a judge assigned to a matter where the party "makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." *Id.* To be "timely and sufficient," the required affidavit must "state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard."[1] *Id.* Given that "automatic transfer based solely on one side's affidavit" is a "draconian procedure," courts require "a firm showing in the affidavit that the judge does have a personal bias or prejudice

---

[1] The statute also requires that the affidavit "be accompanied by a certificate of counsel stating that it is made in good faith," although this presumably does not apply to a pro se filing. 28 U.S.C. § 144.

1

toward a party." *In re Martinez-Catala*, 129 F.3d 213, 218 (1st Cir. 1997); *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (affidavits under § 144 are "construe[d] . . . strictly against the party seeking recusal").  And although the trial judge may not "pass on the truth of the matters asserted, the trial judge must pass on the legal sufficiency of the affidavit." *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983).

Courts have emphasized that disqualification under § 144 requires a determination of actual bias or prejudice "*in fact*." *United States v. Chantal*, 902 F.2d 1018, 1023 (1st Cir. 1990), *criticized on other grounds by Liteky v. United States*, 510 U.S. 540, 546 (1994) (emphasis in original).  Some have adopted a three-part test of legal sufficiency, requiring the facts to "be material and stated with particularity; . . . such that, if true, they would convince a reasonable person that bias exists; . . . [and] show the bias is personal, as opposed to judicial in nature." *Phillips v. Joint Legislative Comm. on Performance & Expenditure Rev. of State of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981); *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973) (same).  Others have held that an affidavit must "state with required particularity the identifying facts of time, place, persons, occasions, and circumstances" that prove the bias.  *Glass*, 849 F.2d at 1267; *see United States v. Hanrahan*, 248 F. Supp. 471, 475 (D.D.C 1965) (affidavit "must state facts as opposed to conclusions" and those facts "must be set forth, with at least that degree of particularity one would expect to find in a bill of particulars." (internal citations omitted)). The First Circuit has concluded more generally that "a judge must be presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary." *In re Union Leader Corp.*, 292 F.2d 381, 389 (1st Cir. 1961).

An alternative statute, 28 U.S.C. § 455, also requires a judge to recuse himself "[w]here he has a personal bias or prejudice concerning a party."[2]  28 U.S.C. § 445(b)(1).  Section § 455 does not require the filing of a formal affidavit; rather, "factual determinations are made by the judge whose recusal is in question, and the same judge also decides whether the facts trigger disqualification."  *In re Martinez-Catala*, 129 F.3d at 220.  Further, a judge "has a duty *not* to recuse himself or herself if there is no objective basis for recusal," to discourage parties from "potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."  *In re U.S.*, 441 F.3d 44, 67 (1st Cir. 2006) (emphasis added).

The Plaintiff's claim fails under either statute.  First, his affidavit is untimely under § 144.  Although the ten-day rule no longer strictly applies because courts are held to be "always open" to pleadings, 28 U.S.C. § 452, a party must nonetheless "raise the disqualification of the . . . judge at the *earliest* moment after acquiring knowledge of the relevant facts."  *In re Abijoe Realty Corp.*, 943 F.2d 121, 126 (1st Cir. 1991).  Here, the Court was designated on July 19, 2022, at which time Plaintiff learned the relevant fact that the Court had been appointed to replace the District of Massachusetts judges in a process that he now claims is invalid.[3]  Therefore, his failure to file his motion to recuse until September 8, 2022, is untimely.  *See In re*

---

[2] Plaintiff has not alleged that the Court is disqualified under 28 U.S.C. § 455.  However, the First Circuit has held that because the two statutes "use similar language, are and intended to govern the same area of conduct . . . the test of the legal sufficiency of a motion for disqualification is the same under both statutes."  *United States v. Kelley*, 712 F.2d 884, 890 (1st Cir. 1983).  Therefore, in an abundance of caution, the Defendants address the Plaintiff's motion under § 455 as well as under § 144.

[3] The Plaintiff is attuned to the issue of judicial bias because he has filed motions alleging similar bias in other cases, *see, e.g., Lu v. Laprocina et al.*, 1:21-cv-11493 (D. Mass.), Doc. Nos. 2, 13, 14, 15, 23; *Lu v. Davis*, No. 21-1306 (1st Cir. 2021), Motion to Recuse Panel Judges (Nov. 11, 2021); *Lu v. Budd et al.*, No. 1:21-cv-10352-FDS (D. Mass), Docs. 2, 23, 33.  In fact, his penchant for filing these motions regardless of the judge or circumstances of the case arguably suggests that he fails § 144's requirement that the affidavit be "made in good faith."

3

*Martin-Trigona*, 573 F. Supp. 1237, 1245 (D. Conn. 1983) (delay of twelve days too long); *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 334 (2d Cir. 1987) (delay of two months too long).

Should the Court find that the Plaintiff's motion is timely, his motion nonetheless fails because it fails to allege particular and material facts sufficient to provide the "firm showing" required to be legally sufficient under § 144, or to prove bias under § 455. His claims that "on information and belief," this Court is part of a "committee in the federal government" working "behind the scenes" to "nip the instant action in the bud" are vague, conclusory, and unsupported. Doc. No. 15 at 3. As the First Circuit has held, "[a] party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself," because in such circumstances, recusal motions would become "tactical weapons which prosecutors and private lawyers alike could trigger by manipulating the gossamer strands of speculation and surmise." *In re U.S.*, 158 F.3d 26, 35 (1st Cir. 1998) (internal citations omitted)); *see El Fenix de P.R. v. M/Y JOHANNY*, 36 F.3d 136, 140 (1st Cir. 1994) (disqualification cannot be compelled based on "unfounded innuendo" (footnote, citation, and internal quotation marks omitted)); *Victor v. Orozco*, No. CV 22-11348-PBS, 2022 WL 16748752, at *2 (D. Mass. Nov. 7, 2022) (denying motion for recusal because "[i]n support of her contention of bias and prejudice, plaintiff has presented assumptions, and not facts"). "Theories of conspiracy without facts to support them" do not require recusal. *Baldyga v. United States*, 337 F. Supp. 2d 264, 270 (D. Mass. 2004).

Nor do any of the Court's actions in this case show personal bias or prejudice sufficient to support recusal here. Generally, orders in a particular court proceeding cannot serve as proof of actual prejudice. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("[J]udicial rulings

alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Gottesfeld*, 18 F.4th 1, 17 (1st Cir. 2021) ( "[B]are disagreement with the judge's rulings in this case" insufficient to show bias). Plaintiff's disagreement with the Court's denial of his Request for Notice of Default (Doc. No. 8) is precisely what the Supreme Court has identified as "proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Similarly, the Plaintiff's concerns about receiving copies of the Court's orders by mail fail to support claims of actual bias or prejudice, especially since the orders referenced are limited to docket text, which the Plaintiff admits to having received. Doc. No. 15 at 3.[4]

## II. Judge Laplante's Appointment Is Not Improper.

To the extent that the Plaintiff claims that this Court's assignment was procedurally improper in light of his suit, that claim must also fail. Under 28 U.S.C. § 292(b), "the chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." A judge so assigned "shall have all the powers of a judge of the court, circuit or district to which he is designated and assigned."[5] 28 U.S.C. § 296; *Perez-Sosa v. Garland*, 22 F.4th 312, 326 (1st Cir. 2022) (judge appointed to preside in an out-of-district case has same powers as any other judge in that

---

[4] The Plaintiff makes no claim that recusal is required because the Court's "impartiality might reasonably be questioned in this proceeding," 28 U.S.C. § 455(a). However, to the extent that the Plaintiff's motion may be construed to raise this issue, it fails for the same reasons as the claims of actual bias. The First Circuit has explained that "section 455(a) requires that we ask whether a reasonable person, *fully informed of all the relevant facts*, would fairly question the trial judge's impartiality." *In re U.S.*, 158 F.3d 26, 31 (1st Cir. 1998) (emphasis in original). Those facts must be "proven," and "unverified suspicions" and "innuendo" are insufficient. *Id.* And as already addressed above, the Plaintiff has offered nothing more than bare allegations and conclusory accusations, far from facts that would lead a reasonable person to question the Court's impartiality.

[5] Nothing in the statute requires such an assigned judge to be physically present in the district to which they have been appointed to issue legitimate orders.

district).  Where the chief judge has been recused from a case, their colleagues may take over the role in order of seniority.  *See* United States Court of Appeals for the First Circuit Rulebook (effective through Sept. 22, 2022), https://www.ca1.uscourts.gov/sites/ca1/files/rulebook.pdf, at 129 (in disciplinary matter where Chief Judge is recused, the most senior active judge who is not recused shall act as Chief).

Section 455 requires a judge's recusal where he or she "is a party to the proceeding," eliminating the judges named in the Plaintiff's complaint from participating in this case, presumably even to designate a disinterested replacement.  28 U.S.C. § 455(b)(5)(i).  However, Plaintiff's suit does not name every judge on the First Circuit.[6]  Accordingly, the unnamed First Circuit judges are not required to recuse as a matter of course, but may determine whether the facts require their disqualification, and if not, step into the Chief Justice's shoes and appoint a district judge in the circuit to handle this case per § 292(b).

Further, a judge is not automatically required to recuse where their judicial colleagues have been sued; rather, "whether it would be appropriate for a judge to handle a matter naming judicial colleagues depends on the surrounding circumstances."  Committee on Codes of Conduct, Advisory Opinion No. 103, Guide to Judiciary Policy, Vol. 2B, Ch. 2 at 188-189 (June 2009), https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf.  Where "litigation is patently frivolous," reviewing a complaint against another judge "will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate."  *Id.*; *Swan v. Barbadoro*, 520 F.3d 24, 26 (1st Cir. 2008) (assertion of "patently frivolous claims . . . leave[s] no room for any rational person to imagine that any bias could underlie" their dismissal.)  And because the named judicial defendants are "absolutely

---

[6] The unnamed judges are Judges Stahl, Gelpí, and Montecalvo.

immune from liability for [their] judicial acts," *Stump v. Sparkman*, 435 U.S. 349 (1978), any suit arising from those acts – such as this one – is patently frivolous. *Swan*, 520 F.3d at 26 (addressing frivolous challenge to criminal conviction); *Barnett v. Barbadoro*, No. CIV. 09-CV-281-SM, 2009 WL 2878393, at *1 (D.N.H. Sept. 2, 2009) (suit against judge for judicial act of presiding over case was patently frivolous and did not require recusal by judicial colleague on same district).[7] For these reasons, the unnamed First Circuit judges had no obligation to recuse themselves, and possessed the authority to appoint this Court.

Finally, even if recusal were required here (which it is not), this Court lacks the authority to grant the Plaintiff's request to designate an extra-circuit judge. *See* 28 U.S.C. § 292(d) ("*The Chief Justice of the United States* may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate of necessity *by the chief judge or circuit justice of the circuit* wherein the need arises." (emphasis added)).

**III.   Conclusion**

---

[7] To the extent that the Plaintiff intended to sue all First Circuit judges, including those uninvolved in his previous appeals, he cannot angle for his choice of judge by doing so. As the District of New Hampshire has noted, "a litigant cannot abuse § 455(b)(5)(1) to obstruct judicial proceedings by reflexively suing every judge who makes rulings adverse to him." *Strahan v. O'Reilly*, Civil No. 22-cv-052-LM, 2022 WL 3595182, *2 (D.N.H. Aug. 23, 2022). Under the "rule of necessity," a judge who would otherwise be recused may hear a case when it cannot be heard otherwise, as when all other judges on the court are also recused because they are charged in the same suit. *United States v. Will*, 449 U.S. 200, 214 (1980). Nor must the court in such circumstance "find an unconflicted Article III judge somewhere in the country . . . . to acquiesce to the extraordinary demands of vexatious litigants." *Glick v. Edwards,* 803 F.3d 505, 509 (9th Cir. 2015); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999) (per curiam) ("That it is possible to convene a disinterested panel in another circuit does not require transfer here, where appellant has indiscriminately named all then-current Second Circuit judges as defendants, even those who had no role in deciding either of his appeals.").

For the reasons above, the Plaintiff's motion to unseat and disqualify this Court should be denied.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: November 28, 2022    By: /s/*Anna Dronzek*
Anna Dronzek
Assistant United States Attorney
Colorado Bar No. 43912
United States Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH  03301
(603) 225-1552
Anna.Dronzek@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2022, this document was mailed to the pro se plaintiff at the following address:

Friedrich Lu
Francis House
P.O. Box 499, Lafayette Station
Boston, MA 02112

By: /s/*Anna Dronzek*
Anna Dronzek, AUSA