FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS                    2023 FEB 17  AM 12: 19

Friedrich Lu, Plaintiff                  )        Civil Action No 22-11106
      v                                  )
F Dennis Saylor IV, et al, Defendants    )        U.S. DISTRICT COURT
                                                   DISTRICT OF MASS.

OPPOSITION TO MOTION TO DISMISS AND CROSS-MOTION FOR SANCTIONS

I

(1)
(a)    Federal judicial defendants and their counsel (Jane E Young and Michael McCormack,

respectively United States Attorney for District of New Hampshire and her assistant) on Dec 12,

2022 filed *Motion to Dismiss* with *Memorandum of Law* (*Memorandum*). Plaintiff Friedrich Lu

opposes and crosse-moves to sanction movants (all federal judicial defendants), McCormack and

Young -- the last under the authority of *Frazier* v *Cast* (CA7 1985) 771 F.2d 259, 260 ("This

sanction was imposed upon Mr. Daley under the *respondeat superior* doctrine").

(b)    Fed Rule Civ Proc (Rule) 11(b)  (2007 ed) provides in pertinent part that a filing

represents to the court:

        "(1) it is not being presented for any improper purpose, such
as to harass, cause unnecessary delay, or needlessly increase
the cost of litigation;
        "(2) the claims, defenses, and other legal contentions are warranted by existing law * * *

(2)
(a)    *Memorandum* 2 listed "a. The Amended Complaint is [sic: i in lower case] an Improper

Collateral Attack on Rulings Made in Previous Lawsuits that the Court Lacks Jurisdiction to

Hear" under Rule 12(b)(1). "In other words, this Court lacks authority to hear an appeal of the

rulings made by another federal judge." *Memorandum* 2-3.

        Our learned judge-defendants and their able counsel continue the misuse and abuse of

*Rooker-Feldman* doctrine (albeit absent the label), right down to same old Rule 12(b)(1) motion

to dismiss. The abuse stopped cold after *Exxon Mobil Corp* v *Saudi Basic Industries Corp* (2005)

544 US 280, 284 (no *direct* appeal where plaintiff is not "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Still Lu adversaries here pulled a fast one anyway, resurrecting the abuse. As for "collateral"?  Blessed be *Pulliam* v *Allen* (1984) 466 US 522, 529 ("common law [does not] recognize[] judicial immunity from prospective *collateral* relief," nor did the *Pulliam* court).

Facts of *Exxon Mobil Corp* and *Dennis* v *Sparks* (1980) 449 US 24 are no different from those in Lu's *amended complaint*.

(b)    On Dec 21 2022 Lu emailed AUSA Michale McCormack that in Memorandum

"3, you cited '*Mullis* v *United States Bankruptcy Court, District of Nevada* (CA9 1987) 828 F.2d 1385, 13920-1393 (rejecting attempt by plaintiff [there] to evade collateral attack doctrine by styling the complaint "as a *Biven* injunction action)." '  What are you trying to say? I am not suing under *Biven* [v *Six Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403 US 388] ! -- but for conspiracy, which the *Mullis* court did not address (because the Mullis complaint did not so allege. You are comparing apple and orange.

Lu has received no reply from McCormack.

(3)    *Memorandum of Law* 3 continued with "b. The Court Should Dismiss the Amended Complaint Because Plaintiff Has Repeatedly Failed to Comply with a Court Order" under Rule 41(b).  Part II will address this issue.

(4)    *Memorandum of Law* 6 ended with "c. The Court Should Dismiss the Amended Complaint Because Absolute Judicial Immunity Bars Plaintiff's Claims Against the Federal Judicial Defendants" under Rule 12(b)(6).  "The conclusory allegations in the amended complaint are clearly based on actions taken by the various federal judicial defendants that fall squarely within their judicial discretion." *Memorandum* 6.

(a)    First and foremost, they (federal judicial defendants) are taking contradictory positions at the same time: One one hand, they asserted that they were all sued for performing adjudicatory

functions; on the other hand, their motion to dismiss opted out of *Federal Tort Claims Act*,

codified as 28 USC § 1346, which states in pertinent part:

> "the district courts * * * shall have exclusive jurisdiction of civil actions on claims
> against the United States, for money damages * * * for injury or loss of property, or personal
> injury or death caused by the negligent or wrongful act or omission of any employee of the
> Government *while acting within the scope of his office or employment* * * * " (emphasis added).

*New Hampshire* v *Maine* (2001) 532 US 742, 751 ("judicial estoppel forbids use of intentional

self-contradiction . . . as a means of obtaining unfair advantage") (internal quotation marks and

citation omitted) *alone* sinks defendants' argument.

(b)      Amended complaint ¶ alleged forgery by four judges. Those are judicial acts? Nay.

(c)      "The proponent of a claim to absolute immunity bears the burden of establishing the

justification for such immunity." *Antoine* v *Byers & Anderson, Inc* (1993) 508 US 429, 432. On

this, federal judicial defendants fail miserably.

(d)      And Lu sues four forgers for damages, who has *qualified* immunity in this aspect. Lu

sues other federal judicial defendants, who performed adjudicatory functions, for declaratory

judgment.

When sued for declaratory judgment or injunctive relief, a government official, even the

president, enjoys no immunity whatsoever -- ever since the founding of the republic.

The Court in a long line of cases sanctions federal officers or employees to be sued for

equity or prospective relief. See, eg, *Marbury* v *Madison*; *United States* v *Lee* (1772) 106 US

196, 210 ("The case before us is a suit against Strong and Kaufman as individuals, to recover

possession of property"); *Youngstown Sheet & Tube Co* v *Sawyer*, where nominal defendant was

Secretary of Commerce Charles Sawyer, though President Harry S Truman was real party in

interest); *Kentucky* v *Graham* (1985) 473 US 159, 167, n 14 (notwithstanding the Eleventh

amendment, a state may be sued in "official-capacity actions for prospective relief"), *Pulliam*,

466 US, at 536-537 (no immunity bar to prospective relief against a judge), a critical case which *Memorandum* deliberately overlooked.

Cf *Strickland* v *United States* (CA4 2022) 32 F.4th 311, 363 (*Larson-Dugan* exception to sovereign immunity).

(e)     *Memorandum* 6 posited, "The doctrine of absolute judicial immunity bars Lu's claims." The authorities cited therein were all about judges sued for *damages* while performing *adjudicatory* functions. These differences set those authorities apart from the instant action.

## II

(1)     Now, Lu returns to *Memorandum* 3 about a purported order.

In plain English: Lu's complaint alleged crooked judges and rulings and decisions corruptly rendered. *Memorandum* (by those very judges) turned the table and weaponized those tainted decisions, morphing them into gospel of truth (including fact of an extant order)!

The summary of Lu's argument is as follows.

•     It (order and the brouhaha around it) is a hoax, no matter how many times a lie is repeated, by powers that be. The order does not exist, has never existed; if it were, would the RICO enterprises ever withhold their wrath, instead of unleashing contempt power against Lu under Rule 65? (Rule 41(b) is never a remedy for violation of an injection, which the purported order of Judge Mark L Wolf would be.)

•     Further, the purported order appears nowhere in the record, issued by no judge, of this instant case, wherein a possible Rule 41(b) sanction might only lie. Not a civil law system, the common-law court may not be inquisitorial, not to mention Fed Rule Evid 201(b).

•     Fundamentally, though, federal judicial defendants have no standing to raise the issue, let alone benefit from it, inasmuch as they suffer no injury from Lu's alleged violation of the order;

if an order existed, it would be Lu's adversaries and the judge (or his successor on that seat) in that case -- and nobody else -- that may act on it, lest we devolve into mob rule (as federal judicial defendants have done).

• Supreme Court has several times in one and a half centuries barred lower courts to look beyond record to disadvantage a party.

(2)     The reliance on now senior district judge Mark L Wolf's 2002 order in *United States ex rel Lu* v *Harvard School of Dental Medicine*, US Dist Ct (D.Mass.) No 00-cv-11492 has all hallmarks of utter frivolousness.

(a)     Said order was interlocutory and ended that day when clerk entered "Case closed" in the docket same day in lieu of a judgment.

(b)     Fed Rule Civ Proc 41(b) concerns an order, whereas the 2002 order, even assuming its existence or validity -- the motion fails to establish either -- is an injunction governed separately by Fed Rule Civ Proc 65. See *Nken* v *Holder* (2009) 556 US 418, 428 (Injunction and stay serve different purpose: "every order of a court which commands or forbids is an injunction * * * operating *in personam*").

(c)     Movants and their counsel failed to show that nonparties, as they are, to 11492 have standing to whine about Lu's so-called noncompliance. They lacked standing, because they were not injured.

(d)     The only relief for an opposing *party* to a, any, case for violation of an injunction is contempt proceeding (never dismissal). For both (c) and (d), see *Reynolds* v *Roberts* (CA11 2000) 207 F.3d 1288, 1298-1300; *Healey* v *Spencer* (CA1 2014) 765 F. 3d 65, 74, n 6 ("To be enforceable in contempt, an injunctive decree must satisfy * * *").  Parenthetically, standing to enforce injunction and standing to challenge same are two sides of the same coin. Jurisprudence

on the latter is a lot more, however: *Madsen* v *Women's Health Center, Inc* (1994) 512 US 753,

761-762 (Florida Supreme Court's opinion was followed by panel decision *Cheffer* v *McGregor*

(CA11 1993) 6 F.3d 705), 775 ("petitioners as named parties in injunction "lack standing to

challenge its applying to persons who are not parties"). The fate of *Cheffer* was revealing, which,

6 F.3d, at 708-709, unusually allowed nonparty Cheffer to challenge injunction:  "Supreme Court

denied certiorari for *Cheffer* on the same day it granted certiorari for *Madsen*." John W

Bencivenga, *When Rights Collide: Buffer Zones and Abortion Clinics* -- Madsen *v* Women's

Health Center (1995) 22 Fla St U L Rev 695, 707

https://ir.law.fsu.edu/lr/vol22/iss3/2
; *Cheffer* v *McGregor* (CA11 1994) 41 F. 3d 1421 (en banc vacating panel decision), 1422

(remand).

  Moreover, "a well-settled line of authority from this Court establishes that a consent

decree is not enforceable directly or in collateral proceedings by those who are not parties to it

even though they were intended to be benefited by it." *Blue Chip Stamps* v *Manor Drug Stores*

(1975) 421 US 723, 750 (citations omitted). This holding is critical here as contempt proceeding

(again not Rule 41(b) dismissal) is the only way to enforce obedience to consent degree, same as

to injunction. *Reynolds*, 207 F.3d, at 1297 ("consent decrees, like all injunctions, are to be

enforced through the district court's civil contempt power").

  Consent decree and injunction are very similar. See *System Federation No 91, Railway*

*Employees' Department, AFL-CIO* v *Wright* (1961) 364 US 642, 651 ("We reject the argument *

* * that a decree entered upon consent is to be treated as a contract and not as a judicial act * * *

The parties cannot * * * purchase from a court of equity a continuing injunction") (internal

quotation marks and citation omitted); *Local No 93, International Association of Firefighters,*

*AFL-CIO* v *Cleveland* (1986) 478 US 501, 525 (on consent decree: "a federal court is more than

a recorder of contracts from whom parties can purchase injunctions") (internal quotation marks and citation omitted). The line is further blurred when injunction is subsumed into consent decree -- in other words, consent decree incorporates injunction. The only difference, *id*, 478 US, at 513 ("fact that this case involves a consent decree and not an injunction makes the legal basis of the *Stotts* decision inapplicable"), Lu can discern is that consent decree is statute-based. See *Firefighters Local Union No 1784* v *Stotts* (1984) 467 US 561, 576 and n 9.

(e)    The 2002 order is not part of the record of this case, and a court may not take judicial notice of it under Fed Rule Evid 201.

(f)    The clique's demand for dismissal contravened Lu's right to due process. *McVeigh* v *United States* (1871) 11 Wall (78 US) 259, 267 ("In our judgment the District Court committed a serious error in ordering the claim and answer of the respondent to be stricken from the files. * * * It is alleged that he [McVeigh] was in the position of an alien enemy [associated with Confederacy], and hence could have no *locus standi* in that forum"); *Hovey* v *Elliott* (1897) 167 US 409; *Degen* v *United States* (1996) 517 US 820.

Plaintiff:    Friedrich Lu, pro se
Date:         December 27, 2022
Email address: chi2flu@gmail.com
Address:      % St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112
        Under penalty of perjury, Lu on the same day electronically serves a copy of this document on AUSA McCormack.

        Under penalty of perjury, Lu on Feb 16, 2023 electronically serves a **revised** copy of this document on AUSA McCormack. Executed on Feb 16, 2023.

USMS
SCREENED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Friedrich Lu, Plaintiff            )        Civil Action No 22-11106
            v                      )
F Dennis Saylor IV, et al, Defendants        )

PLAINTIFF'S STATEMENT WITH THE FILING OF
OPPOSITION TO MOTION TO DISMISS AND CROSS-MOTION FOR SANCTIONS

On Dec 27, 2022 plaintiff Friedrich Lu notified service on federal defendants of

opposition and cross-motion for sanction under Fed Rule Civ Proc 11. He revised the papers

daily until Jan 6, 2023, all of revisions being served on those defendants. Then Lu has to wait for

the (at least) 20-day safe-harbor period allotted to said defendants under the rule. Lu then must

await for mail from AUSA McCormack, who uses mail to serve papers on Lu. Unfortunately for

Lu, post office delivers mail to Lu in a slow pace (rather than the supposed three days or a week).

All these days add up.


Plaintiff:        Friedrich Lu, pro se
Date:             February 16, 2023
Email address: chi2flu@gmail.com
Address:          ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112
Under penalty of perjury, Lu on the same day electronically serves a copy of this document on
AUSA McCormack.

USMS
SCREENED